**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Scott M. Archer,<br><br>    Plaintiff,<br><br>v.<br><br>UnitedHealthcare Services Incorporated, *et al.*,<br><br>    Defendants. | No. CV-20-02458-PHX-JJT<br><br>**ORDER** |

At issue are Defendant Shirley Ryan AbilityLab's ("SRALab") Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 43), to which Plaintiff Scott M. Archer filed a Response (Doc. 47) and Defendant filed a Reply (Doc. 50); and Plaintiff's Motion to Transfer Claims Against Defendant to Northern District of Illinois (Doc. 48), to which Defendant filed a Response (Doc. 51).[1] The Court has reviewed the parties' briefs and finds these matters appropriate for decision without oral argument. *See* LRCiv 7.2(f).

**I.  LEGAL STANDARD**

28 U.S.C. § 1631 provides that where a court lacks jurisdiction over a matter, it shall transfer the matter "to any other such court . . . in which the action . . . could have been brought at the time it was filed if it is in the 'interest of justice.'" 28 U.S.C. § 1631 (2021); *Cruz-Aguilera v. I.N.S.*, 245 F.3d 1070, 1074 (9th Cir. 2001). Venue is proper where "any defendant resides" or where "a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b).

---

[1] Because the Court grants Plaintiff's Motion to Transfer, it did not await Plaintiff's Reply.

## II. ANALYSIS

### A. Plaintiff's Request to Transfer

As a threshold matter, Plaintiff agrees this Court lacks jurisdiction over SRALab (Doc. 47 at 1), but instead of dismissal requests transfer to the Northern District of Illinois (Doc. 48). In his Motion to Transfer (Doc. 48), Plaintiff impliedly requests severance of his claims against Defendant SRALab because his claims against the other Defendants properly reside in this venue. Federal Rule of Civil Procedure 21 allows the Court to *sua sponte* "sever any claim against a party." Fed. R. Civ. P. 21. Severance is appropriate in this case and the Court will grant the Motion to Transfer for the following reasons.

Defendant concedes that the Northern District of Illinois is a proper venue. (Doc. 51 at 1.) All of Plaintiff's claims against SRALab occurred in the Northern District of Illinois (Doc. 43 at 2-4), and its principal place of business is in the Northern District of Illinois.

But Defendant argues in its Response (Doc. 51 at 1-2) that the Court should dismiss and require Plaintiff to refile in the Northern District of Illinois. This has substantially the same effect as the more judicially efficient option of transferring the case. Defendant also asserts that there is a threat of "duplicitous litigation" if Plaintiff recovers against different Defendants in both Arizona and Illinois. This is unpersuasive, as each Court will calculate damages accordingly. *See Sea-Land Servs., Inc. v. Gaudet*, 414 U.S. 573, 592 n.29 (1974) (it is within the discretion of the trial court to adjust damages to prevent double recovery). Additionally, Plaintiff has brought different claims against Defendant SRALab than against the other Defendants, so severance and transfer will not likely place double recovery at issue.

This Court severed and transferred in a prior similar case, *Humphries v. Allstate Insurance Company*, Case No. CV-17-01606-PHX-JJT. While the Ninth Circuit noted that neither it nor the Supreme Court have addressed whether a severance and partial transfer is appropriate, the court stated that the "risk of unnecessary trial" was insufficient reason for mandamus relief of this Court's Order. *In re Humphries*, 756 F. App'x 762, 763 (9th Cir. 2019). The court finds no prejudice to Defendant in severing and transferring its claims

against SRALab to the Northern District of Illinois. Were the Court to grant Defendant's motion, Plaintiff would be required to refile in the alternative forum, resulting in inefficiency for both Plaintiff and the Court. This is contrary to the directive of Rule 1 of the Federal Rules of Civil Procedure, which provides that proceedings be as inexpensive and efficient as possible. Fed. R. Civ. P. 1; *see, e.g.*, *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962) (stating that a mistake on the part of the plaintiff when choosing a venue should not be punished with "time consuming and justice-defeating technicalities"). Rather, it serves the interest of justice to transfer the case. *Id.*

For the reasons stated above, the Court finds it is in the interest of justice to transfer Plaintiff's claims against Defendant SRALab only to the Northern District of Illinois pursuant to 28 U.S.C. § 1631. The remaining claims against other Defendants shall remain pending before this Court.

**IT IS THEREFORE ORDERED** granting in part Defendant SRALab's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 43).

**IT IS FURTHER ORDERED** granting Plaintiff's Motion to Transfer Claims Against Defendant [SRALab] to the Northern District of Illinois (Doc. 48).

**IT IS FURTHER ORDERED** severing Plaintiff's claims against Defendant Rehabilitation Institute of Chicago dba as SRALab and directing the Clerk of Court to transfer those claims to the Northern District of Illinois as soon as is practicable. Plaintiff's claims against other Defendants shall remain pending in this Court.

Dated this 7th day of February, 2022.

Honorable John J. Tuchi
United States District Judge